## WILLIE SANDERS V. STATE.

No. 26,638. November 25, 1953.

W. T. Brothers, Amarillo, for appellant.

Wesley Dice, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon an indictment charging the offense of assault with intent to murder with malice, appellant was found guilty of

aggravated assault and the jury assessed his punishment at one year in jail and a fine of $500.

The sole question presented by appellant's brief is the sufficiency of the evidence.

The injured party, Stephen Davis, a member of the Air Corps, was cut and stabbed by appellant in a cafe known as "Mattie's Place" in Amarillo. The knife used was described by appellant as a "bone knife" with a 6 inch blade, and by a state's witness as a butcher knife with a 12 inch blade.

Wounds inflicted upon Davis in the head and on his arm required some 34 stitches, and he was hospitalized for some two and a half weeks.

Mattie Wooten, the owner of "Mattie's Place" testified that appellant came into her cafe about 9 P.M. and she served him a sandwich; that he had a "fifth" of whisky with him and appeared to be drunk; that he took a drink and offered or gave a drink to Davis and to one Perry Martin; "After that, he lay across the table, and I told them to take him up—asked Perry Martin and Tom Templeton and Stephen Davis to put him in the car, and Perry Martin was going to take him home, and he pulled loose and told them he was not drunk and didn't want them to take him home . . . they turned him loose and Stephen Davis pushed him back and he fell down, and then he jumps up and runs to the kitchen door, and Tom Templeton and myself caught hold of him and tried to pull him out."

She further testified that Davis said "I am sorry. I thought you were drunk" and walked out the front door; that appellant went to the kitchen and got a butcher knife and as Davis returned to the room appellant stabbed him in the head, then followed him down the hall and cut him on the arm.

Appellant testified and offered the testimony of Tom Templeton to the effect that the prosecuting witness knocked him down and was advancing toward him and he cut Davis in self-defense.

The prosecuting witness Davis denied that he made any assault upon appellant other than to shove him, and testified that he left the room and it was after his return that he was cut by appellant. He testified that he was standing with his back

to the kitchen when he heard someone scream and appellant stabbed him as he turned around.

The trial court submitted to the jury the fact issue as to appellant's claim of self-defense and they resolved the issue against appellant and in favor of the state.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.